**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | | |
|---|---|---|
| ISHMAEL GARCIA, | ) | No. CV 08-797-JFW (PLA) |
| Petitioner, | ) ) ) | **ORDER ADOPTING FINDINGS, CONCLUSIONS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |
| v. | ) ) | |
| ROBERT HOREL, Warden, | ) ) | |
| Respondent. | ) ) ) | |

## INTRODUCTION

On May 2, 2011, the United States Magistrate Judge issued a Report and Recommendation ("R&R"), recommending that petitioner's Petition for Writ of Habeas Corpus be denied and the action dismissed with prejudice. Thereafter, on May 12, 2011, petitioner, through counsel, filed his "Objections to the Report and Recommendation of the Magistrate Judge and Request for Certificate of Appealability" ("Objs.").

## DISCUSSION

In his Objections, petitioner raises specific objections only to his Ground 1, that insufficient evidence supported petitioner's conviction in Count 3 for attempted murder; Ground 2, that petitioner's conviction on Count 3 was "based on an erroneous legal and factual theory"; Ground

1  4, that the Information failed to provide sufficient notice of the charges in Count 3 because no

2  victim was named; and Ground 5, that petitioner's right to confrontation was violated by the

3  introduction of co-defendant Castaneda's statement.  In addition, petitioner seeks a Certificate of

4  Appealability on his Grounds 1, 2, and 4.  (See Objs. at 10-11).

5        Petitioner's Grounds 1, 2, and 4 all pertain to his contention that his conviction for attempted

6  murder must be reversed because no evidence was presented that anyone was in the courtyard

7  of the apartment complex at the time of the shooting for which petitioner was convicted.

8  Specifically, petitioner argues that the Magistrate Judge's reliance on People v. Stone, 46 Cal. 4th

9  131, 139-40, 92 Cal. Rptr. 3d 362, 205 P.3d 272 (2009), is misplaced.  (See Objs. at 2-4, 6-8).

10  Petitioner contends that Stone is inapplicable to his case because petitioner was not convicted of

11  firing into a crowd as in Stone, but "into an empty courtyard."  (Objs. at 3).  The Court agrees with

12  petitioner that the factual situation in Stone differs from that in the case herein.  Petitioner,

13  however, spends three pages distinguishing Stone and People v. Bland, 28 Cal. 4th 313, 121 Cal.

14  Rptr. 2d 546, 48 P.3d 1107 (2002) (discussing the "kill zone" theory under California law), but fails

15  to cite to any authority that the holding in Stone that "a person who intends to kill can be guilty of

16  attempted murder even if the person has no specific target in mind" is only applicable under

17  California law when a defendant fires into an identified group of people.  See Stone, 46 Cal. 4th

18  at 140.  Moreover, on habeas review, as the Supreme Court recently emphasized, where no state

19  court has issued a reasoned decision rejecting a claim, petitioner bears the burden of showing that

20  there was no reasonable basis for the state court to deny relief.  See Harrington v. Richter, __ U.S.

21  __, 131 S. Ct. 770, 784-85, 178 L. Ed. 2d 624 (2011).  According the deference due to the state

22  court's decision, this Court cannot find that the California court's rejection of petitioner's Ground

23  1 was an objectively unreasonable application of the Jackson standard.

24        Petitioner further contends that the evidence introduced at trial, and cited by the Magistrate

25  Judge in the Report and Recommendation ("R&R") at 16-17, "fails to prove" that petitioner

26  "intended to kill anyone in the apartments as opposed to simply scaring them."  (Objs. at 6).  The

27  Court disagrees with petitioner's assessment of the evidence.  In particular, the Court rejects

28  petitioner's contention that the evidence that three testifying witnesses were present on a balcony

2

approximately 25 feet from where petitioner fired multiple shots into the courtyard of the complex is "irrelevant" because no evidence was introduced that "they were targets."  (Objs. at 5).  As set forth in the R&R, based in part on the close proximately of these witnesses to the shooting, it would not have been unreasonable for the California Supreme Court to have determined that a rational juror could have found that petitioner's actions in intentionally firing multiple rounds in the dark into an interior courtyard of an occupied apartment complex constituted evidence beyond a reasonable doubt that petitioner acted with a certain, unambiguous intent to kill another person. (See R&R at 17).  Moreover, petitioner misrepresents the record in asserting that "[t]he fact that someone in the vicinity saw a person shoot in a different direction is insufficient to sustain a conviction for attempted murder." (Objs. at 5).  To the contrary, the record reflects that the three individuals on the balcony only heard the gunshots; no one testified, nor was any other evidence introduced, that petitioner fired "in a different direction" from where these individuals stood.

With respect to his Ground 4, the Court notes that petitioner disingenuously argues in his Objections that "[h]ad petitioner learned of the existence of John Doe or his location during the offense, he likely would have been able to defend against the allegations" pertaining to Count 3. (Objs. at 9).  As petitioner strenuously asserts in the preceding pages of his Objections, no evidence was ever introduced that any identifiable victim existed.  As set forth in the R&R, petitioner was informed at the time the Information was filed that the prosecutor was intending to proceed on Count 3 with an unidentified victim.  Further, prior to trial, the prosecutor informed the trial court and petitioner that no victim had been identified. (See R&R at 20-21).  Accordingly, petitioner could not have been provided with notice of facts that did not exist.

With respect to his Ground 2, petitioner now argues that the "prosecution's argument surrounding [sic] the kill zone theory was misleading" and that the "prosecution's argument regarding the kill zone theory likely confused the jury" (Objs. at 8), but petitioner has raised no claim of prosecutorial misconduct herein.  Rather, petitioner's Ground 2 is premised on his contention that petitioner's conviction on Count 3 was "based on an erroneous legal and factual theory." (See R&R at 17-20).  As set forth in the R&R, the jury was not instructed on a "kill zone"

3

theory, and petitioner has failed to adduce any evidence that the jurors failed to follow the instructions they were given.

Petitioner's additional contentions regarding his claims have been addressed by the Magistrate Judge in the R&R.

## **CONCLUSION**

Pursuant to 28 U.S.C. § 636, the Court has reviewed the entire file de novo, including the Magistrate Judge's Report and Recommendation, and petitioner's Objections thereto. The Court agrees with the recommendations of the Magistrate Judge.

ACCORDINGLY, IT IS ORDERED:

1.     The Report and Recommendation is adopted.

2.     Judgment shall be entered consistent with this order.

3.     The clerk shall serve this order and the judgment on all counsel or parties of record.

DATED:  May 18, 2011

_____
HONORABLE JOHN F. WALTER
UNITED STATES DISTRICT JUDGE